# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT O. DINKINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19-CV-1688 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

On July 8, 2015, a one-count indictment charged movant with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). United States v. Dinkins, Case No. 4:15-CR-314-CEJ-1 (E.D. Mo.). Movant waived his right to a jury trial and requested a bench trial. At trial, the Court found movant guilty and subsequently sentenced him as an Armed Career Criminal to 180 months of imprisonment. With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals. In his appeal, movant argued that the District Court erred in finding him guilty of being a felon in possession of a firearm because he was legally justified in possessing the firearm to protect himself and the community from imminent danger. On May 26, 2017, the Eighth Circuit Court of Appeals affirmed the judgment of the District Court. United States v. Dinkins, 688 F. App'x 408 (8th Cir. 2017).

Movant filed a motion to vacate his sentence on August 22, 2017. Dinkins v. United States, Case No. 4:18-CV-2296 CAS (E.D.Mo.). The Court denied and dismissed the motion to vacate on July 25, 2018. *Id.*

The Eighth Circuit denied movant's application to file a successive habeas petition on March 29, 2019. Dinkins v. United States, No. 18-3334 (8th Cir. 2019).

Movant filed the instant motion to vacate on June 11, 2019. He alleges: (1) his counsel was ineffective for failing to raise a claim that his sentence was unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015)[1]; (2) his predicate crimes under the Armed Career Criminal Act do not qualify as "crimes of violence" such that he should have received a Chapter Four Enhancement under the provisions of 18 U.S.C. § 924(e); and (3) in light of the aforementioned arguments he is innocent of the crimes for which he was convicted.[2]

Under 28 U.S.C. § 2244(a) and § 2255(h), district courts may not entertain a second or successive motion to vacate unless it has first been certified by the court of appeals. The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief and this action must be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED and DISMISSED** as **SUCCESSIVE**. [Doc. 1]

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of July, 2019.

---

[1] Movant argues that his public defender should have litigated the applicability of his predicate offenses under the Armed Career Criminal Act.

[2] The Court notes that movant raised these arguments in his application to file a successive habeas petition in the Eighth Circuit Court of Appeals. *Dinkins v. United States,* No. 18-3334 (8th Cir. 2019).